**No. 24-13509-C**

In the

# United States Court of Appeals
# for the Eleventh Circuit

———————————

**GEOFFREY ANDERSON, ET AL,**

*Plaintiffs-Appellees,*

v.

**CITY OF ATLANTA, GEORGIA,**

*Defendant-Appellant.*

———————————

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division.
No. 1:21-cv-01280 – Victoria Marie Calvert, *Judge*

———————————

**BRIEF OF DEFENDANT-APPELLANT CITY OF ATLANTA, GEORGIA**

———————————

Meredith W. Germain
Georgia Bar No. 330148
Valerie A. Ross
Georgia Bar No. 615225
Turner Ross Germain, LLC
1501 Johnson Ferry Road, Suite 100
Atlanta, Georgia 30062
Telephone: (470) 260-4731
Facsimile: (470) 575-6193
vross@lawtrg.com
mgermain@lawtrg.com

*Counsel for Defendant-Appellant*
*City of Atlanta, Georgia*

*Geoffrey Anderson, et al v. City of Atlanta, Georgia*
11th Circuit Docket No. 24-13509-C

## <u>AMENDED CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Eleventh Circuit Rule 26.1-4, counsel for Defendant-Appellant City of Atlanta, Georgia, hereby notifies the court of a correction to its Certificate of Interested Persons and certifies that the below is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal.

1. Anderson, Geoffrey: Plaintiff-Appellee; also, President and Chief Executive Officer of Plaintiff-Appellee Multimedia Technologies, Inc.

2. Batten, Hon. Timothy C., Sr.: Former Judge in underlying case, United States District Court for the Northern District of Georgia.

3. Calvert, Hon. Victoria Marie: Judge in underlying case, United States District Court for the Northern District of Georgia.

4. City of Atlanta, Georgia: Defendant-Appellant.

5. Coleman, Harrison: Plaintiff-Appellee Peach Hospitality of Georgia, LLC's registered agent, who is listed on arrest citations.

6. Foster, Joshua Stanley: Counsel for Defendant-Appellant.

7. Germain, Meredith W.: Counsel for Defendant-Appellant.

8. Hooper, Kelli Byers: Former counsel for Defendant-Appellant.

*Geoffrey Anderson, et al v. City of Atlanta, Georgia*
11th Circuit Docket No. 24-13509-C

9.  Jarrard, Kenneth Edward: Counsel for Plaintiff-Appellee Peach Hospitality of Georgia, LLC.

10. Jarrard & Davis, LLP: Counsel for Plaintiff-Appellee Peach Hospitality of Georgia, LLC.

11. Kunkes, Craig Grayson: Counsel for Plaintiff-Appellee Multimedia Technologies, Inc. and Plaintiff-Appellee Geoffrey Anderson.

12. Miller, Staci J.: Former Counsel for Defendant-Appellant.

13. Multimedia Technologies, Inc.: Plaintiff-Appellee.

14. Peach Hospitality of Georgia, LLC: Plaintiff-Appellee.

15. **Perkins, Kimberly M.: Former counsel for Defendant-Appellant.**

16. Robbins Alloy Belinfante Littlefield LLC: Counsel for Plaintiff-Appellee Multimedia Technologies, Inc. and Plaintiff-Appellee Geoffrey Anderson.

17. Robbins, Richard L.: Counsel for Plaintiff-Appellee Multimedia Technologies, Inc. and Plaintiff-Appellee Geoffrey Anderson.

18. Ross, Valerie A.: Counsel for Defendant-Appellant.

19. Turner Ross Germain, LLC: Counsel for Defendant-Appellant.

20. Washington, Shemia: Former counsel for Defendant-Appellant.

*\*Correction to previous Certificate of Interested Persons marked in bold.*

*Geoffrey Anderson, et al v. City of Atlanta, Georgia*
11th Circuit Docket No. 24-13509-C

## CORPORATE DISCLOSURE STATEMENT

Counsel for Defendant-Appellant City of Atlanta, Georgia certifies that the

City is not a publicly traded company or corporation, and that no publicly traded

company or corporation has an interest in the outcome of the case or appeal.


*/s/ Meredith W. Germain*
Meredith W. Germain

*Counsel for Defendant-Appellant*
*City of Atlanta, Georgia*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Defendant-Appellant City of Atlanta, Georgia (the "City") requests oral argument. This case presents important questions of law regarding the scope of the District Court's jurisdiction to hear Plaintiffs' constitutional challenges to the allegedly unconstitutional 1982 Sign Code that had been amended and repealed by the City in 2015, therefore rendering Plaintiffs' challenges moot. As the 1982 Sign Code was amended and repealed in 2015 to remove the allegedly unconstitutional provisions, the District Court's Order and Judgment declaring the 1982 Sign Code unconstitutional based on these same provisions was merely an advisory opinion, which is impermissible by law, and this Court should reverse the District Court's Order and Judgment and dismiss Plaintiffs' claims in their entirety for lack of jurisdiction. Oral argument will aid the Court in determining this question of law.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .....................................................C-1

CORPORATE DISCLOSURE STATEMENT ....................................................C-3

STATEMENT REGARDING ORAL ARGUMENT ..................................................i

TABLE OF AUTHORITIES ....................................................................................iv

STATEMENT OF JURISDICTION……………………………………...…vi

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE...................................................................................1

    I.    Introduction and Procedural History .........................................................2

    II.    Statement of the Facts………………………………………….....12

    III.    Standard of Review .................................................................................14

SUMMARY OF THE ARGUMENT .......................................................................14

ARGUMENT AND CITATION OF AUTHORITY ..............................................15

    I.    The District Court Erred When It Held That It Had Jurisdiction to Hear Plaintiffs' Challenges to the Allegedly Unconstitutional 1982 Sign Code Because the 1982 Sign Code had been Previously Amended and Repealed by the City, Therefore, Rendering Plaintiffs' Constitutional Challenges Moot......................................................................................15

    II.    The District Court Erred In Holding That The City Was Taking Action Against The Plaintiffs Based On The 1982 Sign Code When The City Was Clearly Acting Under The 2015 Sign Code And The Fulton County Superior Court Order Issued By Superior Court Judge Robert McBurney . ...............................................................................................20

CONCLUSION ............................................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*,

 777 F.2d 598, (11th Cir. 1985)…………………………..…………………18

*Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*,

 219 F.3d 1301 (11th Cir. 2000) ...................................................................18

\* *Coral Springs St. Sys., Inc. v. City of Sunrise*,

 371 F.3d 1320 (11th Cir. 2004) …………………………………14, 16-17

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979) …………..……………..... 18

*Covenant Christian Ministries, Inc. v. City of Marietta*, *Georgia*,

 654 F.3d 1231 (11th Cir. 2011) ................................................................. 20

*Hall v. Beals*, 396 U.S. 45 (1969) ........................................................................ 18

\* *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329 (11th Cir. 2005) ........ 14, 16-20

*Powell v. McCormack*, 395 U.S. 486 (1969) …………….…..................................... 18

*Reed v. Town of Gilbert*, 576 U.S. 155 (2015) …………………......…............11-13

*Rojas v. Florida*, 285 F.3d 1339 (11th Cir. 2002)………………..……………..14

*Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681 (11th Cir. 1992).................... 19

**Statutes**

28 U.S.C. §1291……………………………………………...……….….…..… vii

28 U.S.C. §1331……………………………………………….……….…......… vii

iv

42 U.S.C. §1983……………………………………………………………... vi, 7

Article III, Section 2, of the U.S. Constitution………………...………………….15

First Amendment of the U.S. Constitution.................................... vi, vii, 1, 7, 10, 15

Fourteenth Amendment of the U.S. Constitution.......................... vi, vii, 1, 7, 10, 15

**Rules**

Federal Rule of Civil Procedure 54………………………………..………….9

**City of Atlanta Ordinances**

Chapter 28 of the 1982 Atlanta Zoning Ordinance .................vi, vii, 1-4, 7-8, 10-23

Chapter 28A of the 2015 Atlanta Zoning

Ordinance …………………………………2-4, 6, 8, 11, 13-14, 16-18, 20-22

# STATEMENT OF JURISDICTION

Plaintiffs Multimedia Technologies, Inc. ("Multimedia"), Geoffrey Anderson ("Andreson"), and Peach Hospitality of Georgia, LLC ("Peach Hospitality") (collectively, "Plaintiffs") filed the underlying lawsuit in the United States District Court of the Northern District of Georgia, Atlanta Division, on March 29, 2021, seeking against the City (1) a declaratory judgment that the Sign Ordinance within Chapter 28 of the 1982 Atlanta Zoning Ordinance (the "1982 Sign Code") is unconstitutional because it is a content based law that unlawfully restricts and impermissibly discriminates among both commercial and noncommercial speech in violation of Plaintiffs' First and Fourteenth Amendment rights to the U.S. Constitution and that the City cannot retroactively apply it against Multimedia to claim that the signs at issue in this litigation were not lawfully erected (Count I) (Doc. 1, p. 21-22)[1], (2) a permanent injunction for violating Plaintiffs' rights to free speech under the First and Fourteenth Amendments, ordering the City to cease and desist from retroactively applying the unconstitutional 1982 Sign Code against them to claim that the signs are illegal signs (Count II) (Doc. 1, pp. 22-23), and (3) a permanent injunction for violation of 42 U.S.C. §1983 alleging a government taking, ordering the City to cease and desist from retroactively applying the 1982 Sign Code

---

[1] Pursuant to Eleventh Circuit Rule 28-5, references to the record herein are made to the CM/ECF District Court Docket number and page number ("Doc. __, p. __").

against Plaintiffs as it will result in an unconstitutional taking of property in violation of their rights of due process and just compensation. (Doc. 1, p. 24.)  Based on the foregoing, the District Court found that it had subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiffs' claims concern federal questions arising under the "Constitution, laws or treaties of the United States."

On September 24, 2024, the District Court entered an Order and opinion granting Multimedia's Motion for Reconsideration and granting summary judgment in favor of the Plaintiffs and against the City on all of Plaintiffs' claims  (Doc. 61, pp. 6-9.)  With respect to Plaintiffs' motions for summary judgment against the City, the District Court granted Plaintiffs' motion on the First Amendment Claim and held: "(1) the 1982 Sign Code is **DECLARED** an unconstitutional infringement of the right of free speech protected by the First and Fourteenth Amendments to the United States Constitution and (2) the City is **PERMANENTLY ENJOINED** 'from enforcing' the 1982 Sign Code or taking any action against Plaintiffs based on alleged violations of the 1982 Sign Code." (Doc. 61, p. 9.)   On that same day, the District Court entered Judgment in favor of Plaintiffs on their claims for declaratory and injunctive relief. (Doc. 62, pp. 1-2.)  Thereafter, on October 23, 2024, the City timely filed its Notice of Appeal to this Court. (Doc. 63, pp. 1-2.)  Accordingly, this Court has appellate jurisdiction of this appeal pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the District Court erred in holding that it had jurisdiction to hear Plaintiffs' constitutional challenges to the allegedly unconstitutional 1982 Sign Code when the 1982 Sign Code had been previously amended and repealed by the City in 2015, therefore, rendering Plaintiffs' challenges moot.

2. Whether the District Court erred in holding that the City was taking action against Plaintiffs based on the 1982 Sign Code when the City was clearly acting pursuant to the Fulton County Superior Court Order issued by Judge Robert McBurney under the 2015 Sign Code.

## STATEMENT OF THE CASE

The City, by and through the undersigned counsel, files this Appellant Brief in support of its appeal of the District Court's Order and Judgment dated September 24, 2024. (Docs. 61 and 62.)  Herein, the City will show the Court that the District Court erred when it granted summary judgment to Plaintiffs on their claims and permanently enjoined the City, which was solely based on its holding that the 1982 Sign Code, specifically Section 16-28.019, was an unconstitutional infringement on the right of free speech protected by the First and Fourteenth Amendments of the United States Constitution (Doc. 61, pp. 6-9; Doc. 62, pp.1-2), when these allegedly

1

unconstitutional provisions of the 1982 Sign Code had been removed and repealed by the City in 2015, therefore, rendering Plaintiffs' constitutional challenges to the 1982 Sign Code moot. As the 1982 Sign Code was already amended and repealed in 2015, the District Court's Order and Judgment declaring the 1982 Sign Code unconstitutional was merely an advisory opinion, which is impermissible by law. Therefore, this Court should reverse the District Court's Order and Judgment and direct the District Court to dismiss Plaintiffs' claims in their entirety for lack of jurisdiction.

Further, the City will show the Court that the District Court erred when it held that the City was taking action against Plaintiffs based on the 1982 Sign Code when the City was, in fact, clearly acting pursuant to the Fulton County Superior Court Order issued by Judge Robert McBurney under the 2015 Sign Code. Therefore, the District Court's Order and Judgment should be reversed and this Court should direct the District Court to dismiss Plaintiffs' claims for lack of jurisdiction.

## I.    Introduction and Procedural History

This case arises from the City's enforcement of a Fulton County Superior Court Order issued by Superior Court Judge Robert McBurney, then Chief Judge of the Superior Court of Fulton County, Atlanta Judicial Circuit, pursuant to the City's current Sign Ordinance within Chapter 28A of the Atlanta Zoning Ordinance (the

"2015 Sign Code") against two signs ("Subject Signs")[2] owned by Multimedia. (Doc. 37-2, Exh. 6, pp. 1-8.)  Contrary to Plaintiffs' assertion, the City never enforced the now repealed 1982 Sign Code against Multimedia, Peach Hospitality, or Anderson.  (Doc. 1, Exh.6, p. 1; Doc. 37-2, p. 33, Exh. 14, p. 1.)  On December 10, 2019, Judge McBurney issued a Final Order on the Petition for Writ of Certiorari[3] filed in Civil Action No. 2019CV323401 (the "Superior Court Order"), which was an appeal of the City's Board of Zoning Adjustment ("BZA") decision to issue conversion permits for the Subject Signs.[4]  (Doc. 44-1, p. 2, Exh. 1, p.1;

---

[2] On May 27, 1993, Multimedia's successor in interest, JMB Investment Corporation, received two building permits to construct two separate business identification signs at 1655 Peachtree Street Atlanta, Georgia ("the Subject Property"). (Doc. 37-1, pp. 13-14, Exh. 2, pp. 3-4; Doc. 37-2, p. 12.)  Permit No. S9300366 allowed Multimedia to build a changing, business identification rooftop sign at the Subject Property (the "rooftop sign") and Permit No. S9300365 allowed Multimedia to build a changing, business identification wall sign at the Subject Property (the "wall sign"). (*Id*.).

[3] The Petition asserted the following enumerations of error, among others: the BZA erred in failing to find that the Subject Signs were illegal under the 2015 Sign Code, not "lawful nonconforming signs" and not eligible to receive conversion permits under the 2015 Sign Code; illegal under the 1982 Sign Code, not lawfully erected under the 1982 Sign Code; and the 1993 and subsequent permits issued for the Subject Signs did not excuse the illegality of same and did not confer any rights on Plaintiffs. (Doc. 44-1, Exh. 1, pp. 12-13, 14, 15.)

[4] On December 7, 2018, Multimedia applied to convert the rooftop sign and the wall sign from Trivision changing technology to LED changing technology. (Doc. 37-2, Exh. 9, pp. 2-3; Doc. 44-1, p. 2.) Thereafter, on February 15, 2019, the City's Office of Buildings issued two building permits (the "Conversion Permits") to convert the two signs. (Doc. 37-2, Pace Dep., Exh. 9, p. 3; Doc. 44-1, p. 2.)  Shortly thereafter, in March 2019, employees at the Midtown Alliance Community Improvement

3

Doc. 37-2, Exh. 6, pp. 1-8.) The Superior Court Order provided that the "original permits allowing *two* [Subject] signs to be constructed at a single location with outsized dimensions and less than 300 feet from Interstate 85 were wrongly issued. The signs were unlawful at inception…" and illegal under current zoning regulations and not legal nonconforming signs for which the City should have issued conversion permits in 2019. (Doc. 37-2, Exh. 6, p. 6.) Before Judge McBurney's ruling, Multimedia and the City believed the Subject Signs were non-compliant with the City's current 2015 Sign Code but were *legally* non-conforming under the same.[5]

(Doc. 37-2, Exh. 6, pp. 3-5; Doc. 37-1, pp. 13-14; Doc. 37-2, Exh. 9, p. 3; Doc. 44-

---

District began questioning the validity of the permits and claimed that they were illegal when they were erected in 1993 and remained illegal today. (Doc. 37-2, Exh. 9, p. 3; Doc. 44-1, Exh. 1, p. 1.) Then on March 14, 2019, Hament Desai and Hebrew Benevolent Congregation filed an appeal to the BZA challenging the 2019 Conversion Permits, making these same arguments. (Doc. 37-2, Exh. 9, p. 3; Doc. 44-1, p. 3.) Multimedia's attorney also presented arguments before the BZA. (Doc. 1, Exh. 5, p. 6.; Doc. 44-1, Exh. 1, p. 11.) Ultimately, the BZA denied the challenge to the Conversion Permits. (Doc. 37-2, p. 16; Doc. 44-1, p. 2.) Thereafter, Hament Desai and Hebrew Benevolent Congregation appealed the BZA's decision regarding the Conversion Permits to Fulton Superior Court. (Doc. 37-2, p. 16; Doc. 44-1, p. 2, Exh. 1, p.1.) From the outset, these third parties argued and sought judgment that the Subject Signs were illegal when constructed in 1993, and the Conversion Permits were improperly issued because the Subject Signs were not legal nonconforming signs under the 2015 Sign Code and thus, were illegal. (Doc. 44-1, Exh. 1, p. 1-2, 5, 7-9, 10.)

[5] After the Subject Signs were originally permitted, the 1982 Sign Code was amended on August 19, 1994. (Doc. 37-1, Exh. 2, p. 4.) Thereafter, the Subject Property was also rezoned to SPI-16 in 2001. (*Id.*) After the amendment and rezoning, the City considered the Subject Signs legal nonconforming signs. (Doc. 37-1, pp. 13-14; Doc. 37-2, pp. 14-15.)

1, p. 2.) Accordingly, both the City and Multimedia defended the Subject Signs against challenges by third parties to the issuance of conversion permits to Multimedia by the City; first, before the BZA; and then, before the Superior Court of Fulton County.  (Doc. 37-1, Exh. 2, p. 4; Doc. 37-2, pp. 14-15.)

In the Fulton County Superior Court Appeal, the Superior Court reversed the decision by the BZA and held that the Conversion Permits and the original 1993 permits were "wrongly issued." (Doc. 37-2, Exh. 6, p. 8.) Specifically, the Superior Court Order stated:

> The Court, interpreting and applying the City's own ordinances, thus finds that the BZA committed legal error in concluding that the two signs are lawfully nonconforming -- a conclusion it had to reach in order to affirm the issuance of the Conversion Permits. The original permits allowing two signs to be constructed at a single location with outsized dimensions and less than 300 feet from Interstate 85 were wrongly issued. The signs were unlawful at inception and there is no evidence in the record that the City's ordinances were ever amended in a way that would have brought the signs into conformity.

(Doc. 37-2, Exh. 6, p. 5-6.) The Superior Court Order conclusively determined that "the original permits were improperly issued, making the [Subject Signs] nonconforming at birth."  (Doc. 37-2, Exh. 6, p. 7.)  Finally, the Superior Court Order held that:

> the signs' owner enjoys no vested rights here, as 'a permit issued for either an illegal use or an illegal non-conforming use is void; it cannot be used as an excuse to continue the use in violation of the zoning ordinance, and it does not vest constitutional rights.

(Doc. 37-2, Exh. 6, p. 6.)

5

Multimedia filed an Application for Discretionary Appeal of the Superior Court Order, which review was denied by the Court of Appeals of Georgia on February 3, 2020, and then the Supreme Court of Georgia denied Multimedia's Petition for Certiorari on August 24, 2020, and denied Multimedia's Motion for Reconsideration on September 28, 2020. (Doc. 1, Exh.6, p. 1.; Doc. 37-2, 197, Exh. 13, p. 7; Doc 37-2, p. 33, Exh. 14, p. 1.) After those attempts to appeal failed, the City issued a Zoning Correction Notice to Multimedia dated October 5, 2020, which was hand delivered to Multimedia on or about November 17, 2020, informing Multimedia that the Subject Signs were determined to be illegal non-conforming signs per the 2015 Sign Code, as held in the Superior Court Order, and as such, the Subject Signs were out of compliance with the 2015 Sign Ordinance. (Doc. 1, Exh.6, p. 1; Doc. 37-2, p. 33, Exh. 14, p. 1.) The Zoning Correction Notice ordered Multimedia to remove the Subject Signs from the Property. (Doc. 1, Exh.6, p. 1; Doc. 37-2, p. 33, Exh. 14, p. 1.)

On or around December 18, 2020, the City issued arrest citations to Anderson, the president of Multimedia, and Harrison Coleman, Peach Hospitality's registered agent. (Doc. 37-2, p. 38, Exh. 17, p. 1-2; Doc. 1, Exh. 8, p. 1, Exh. 9, p. 1.) These December 2020 citations alleged Plaintiffs "Fail[ed] to remove two unlawful non-conforming signs from the building. . . that were ruled to be illegal pursuant to Final Order (2019CV323401) issued by [Judge McBurney] of the Superior Court of

6

Fulton County on December 12, 2019." (*Id.*)  In March 2021, the City issued two additional arrest citations to the same individuals with the same allegations. (Doc. 37-2, p. 38-39, Exh. 18. p. 1-2.)

Thereafter, Plaintiffs filed the underlying lawsuit in the United States District Court of the Northern District of Georgia, Atlanta Division, on March 29, 2021, seeking (1) a declaratory judgment that the amended and replaced "1982 Sign Code…is unconstitutional and unenforceable, and that the City cannot retroactively apply it against Plaintiffs to claim that the Subject Signs were not lawfully erected" (Doc. 1, p. 21-22), (2) a permanent injunction for violating Plaintiffs' right to free speech under the First and Fourteenth Amendments, "ordering [the City] to cease and desist from retroactively applying the unconstitutional 1982 Sign Code against them to claim that the Subject Signs are 'illegal signs'" (Doc. 1, pp. 22-23), and (3) a permanent injunction for violation of 42 U.S.C. §1983 alleging a government taking, "ordering [the City] to cease and desist from retroactively applying the 1982 Sign Code against [Multimedia] as such will result in an unconstitutional taking of property in violation of their rights of due process and just compensation.[6]" (Doc. 1, pp. 23-24.)  In all of Plaintiffs' claims they erroneously assert that the City retroactively enforced the repealed and amended 1982 Sign Code against the Subject

---

[6] Alternatively on the takings claim, Multimedia seeks damages to provide for just compensation. (Doc. 1, p. 24.)

Signs. (Doc. 1, pp. 1-24.)  The City strongly refutes Plaintiffs' allegations and contends that it did not retroactively enforce the 1982 Sign Code against Plaintiffs. The City's actions were taken to enforce the 2015 Sign Code pursuant to the Superior Court Order that made the legal determination that the Subject Signs were wrongly issued in 1993 and illegal.  (Doc. 1, Exh. 6, pp. 1-2; Doc. 37-2, Exh. 6, pp.1-8; Doc. 37-2, p. 33, Exh. 14, p. 1.)

Thereafter, Plaintiffs moved for summary judgment on their claims against the City (Docs. 36, 36-1, 36-4), and the City opposed such motion (Docs. 38, 39). Following these briefs, on July 29, 2022, the District Court issued a *sua sponte* Order and Notice of Intent to Enter Judgment Independent of the Motion ("Order and Notice"), directing the parties to file briefs on whether Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine or related doctrines of issue and claim preclusion). (Doc. 41, pp. 14-15.)  Each party filed briefs. (Docs. 43, 45, 47.)  On September 23, 2022, the District Court entered an Order denying Plaintiffs' Motion for Summary Judgment as to the claims by Multimedia and stayed the motion "as to the claims of all other Plaintiffs. (Doc. 48, p. 23.)  Further, the Order *sua sponte* granted summary judgment in favor of the City and against Multimedia, and directed the Clerk to "enter a final judgment of dismissal" in favor of the City for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine barred Multimedia's claims against the City.  (Doc. 48, pp. 23-24.)  In the Order, the District Court stayed the

case as to the remaining claims of Plaintiffs Peach Hospitality and Anderson until after the issuance of the Court of Appeals' mandate in the *Rooker-Feldman* appeal. (Doc. 48, p. 24.) The District Court certified the judgment against Multimedia for immediate appellate review under Rule 54(b). (Doc. 48, p. 23.) Thereafter, on September 26, 2022, the Clerk entered a Judgment against Multimedia. (Doc. 49, p. 1-2.) Multimedia filed its Notice of Appeal of this Judgment on October 21, 2022, and the first appeal to this Court ensued. (Doc. 50.)

In the first appeal before this Court, docket No. 22-13625-HH, both parties filed appellate briefs and this case was heard by the Court on November 15, 2023.[7] (Doc. 57, pp. 1-10) On January 5, 2024, the Court dismissed Multimedia's appeal holding that the Court lacked jurisdiction to hear the appeal because the District Court's Order was not a "final judgment" under Rule 54(b). (Doc. 57, pp. 4-10.) The case was then remanded to the District Court to continue with the proceedings on the remaining claims of Plaintiffs Anderson and Peach Hospitality.

Multimedia then filed a Motion to Revise or Reconsider the Interlocutory Opinion and Order [Doc. 48] Granting Summary Judgment Against It Pursuant to Rule 54(B) dated April 12, 2024 ("Motion for Reconsideration") and brief in

---

[7] There were two issues before the Court: (1) a Jurisdictional Question, asking if the District Court's certification of the order as a "final judgment" under Federal Rule 54(b) was proper; and (2) whether the District Court erred in holding that the *Rooker-Feldman* doctrine barred Multimedia's claims in the underlying District Court case pending before Judge Calvert. (Doc. 57, pp. 2-3.)

9

support. (Doc. 59, pp. 1-60.) Multimedia asked the District Court to reconsider the Order and hold that the *Rooker-Feldman* doctrine did not divest the District Court of subject matter jurisdiction over Multimedia's claims, and to allow Multimedia's claims and its motion for summary judgment to be considered at the same time as the other Plaintiffs' stayed motion for summary judgment. *Id*. On September 24, 2024, the District Court issued an Order granting Multimedia's Motion for Reconsideration and granting Plaintiffs' Motions for Summary Judgment against the City. (Doc. 61, pp. 1-10.)

With respect to Plaintiffs' motions for summary judgment against the City, the District Court erroneously granted Plaintiffs' motion on the First Amendment Claim and held: "(1) the 1982 Sign Code, specifically, Section 16-28.019[8] of the 1982 Sign Code, is **DECLARED** an unconstitutional infringement of the right of free speech protected by the First and Fourteenth Amendments to the United States Constitution and (2) the City is **PERMANENTLY ENJOINED** 'from enforcing' the 1982 Sign Code or taking any action against Plaintiffs based on alleged violations of the 1982 Sign Code." (Doc. 61, p. 9.) The District Court reasoned that

---

[8] This former section of the 1982 Sign Code generally required signs to be permitted before they could be erected, located, or maintained. Section 16-28.019(1) of the 1982 Sign Code, however, exempted 8 "signs or activities related to signs" from this sign permit requirement (Address or identification signs, Temporary campaign signs, Memorial signs or tablets, Bulletin boards, Temporary construction signs, Temporary real estate signs, Signs indicating or limiting access to, or directing traffic movements on, premises, and Grand opening signs). (Doc. 37-1, Exh. 3, pp. 23-30.)

it agreed with Plaintiffs that the 1982 Sign Code is a content-based regulation of speech under *Reed v. Gilbert*, 576 U.S. 155 (2015), and the City had the burden of defending the Sign Code under strict scrutiny – which requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest. (Doc. 61, p. 6-8.)    However, in its response to Plaintiffs' motion for summary judgment, the City argued that Plaintiffs' challenge was moot and their claims should be dismissed because in 2015, the City amended and repealed the 1982 Sign Code for the 2015 Sign Code, in direct response to *Reed*, which eliminated all of the challenged content-based provisions. (Doc 38, pp. 9-12; Doc. 6 ¶ 26; Doc 37-1, pp. 25-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.)  The District Court, however, noted that the 2015 Sign Code incorporated the "prior law by reference for the purpose of determining whether a sign is a nonconforming sign"… under Section 16-28A.004[9] of the 2015 Sign Code, to justify the District Court's incorrect analysis.  (Doc. 61, p. 8.)  The District Court then held:

> If the 1982 Sign Code was unconstitutional at the time the 1993 permit was (apparently wrongfully) issued, then the Subject Signs are nonconforming signs under the 2015 Ordinance, because in the absence of a valid zoning ordinance, "an owner[] [has a] right to freely use his property for any lawful purpose." [citations omitted.] Accordingly, there is a live controversy as to Plaintiffs' rights under the 2015

---

[9] Under the 2015 Sign Code, a "Nonconforming Sign" is defined as "[a] sign that was lawfully erected prior to the adoption of this chapter and does not conform to the requirements of this chapter or other provisions of part 16." (Doc. 37-1, pp. 20-26, Exh. 7, p. 6.)

11

> Ordinance.  Because the City failed to meet its burden under strict
> scrutiny, the Court will sustain Plaintiffs' facial challenge.

(Doc. 61, p. 8.)  The District Court failed to address the threshold question of mootness in this case and then granted Plaintiffs' summary judgment and entered Judgment in favor of Plaintiffs dated September 24, 2024.  (Doc. 62, pp. 1-2.) The City then timely filed its Notice of Appeal of the District Court's Order (Doc. 61, pp. 1-10) and Judgment (Doc. 62, pp. 1-2) on October 23, 2024, and this appeal ensued. (Doc. 63, pp. 1-2.)

## II.    Statement of the Facts

While the underlying facts and procedural history from the Superior Court of Fulton County and District Court cases are long and very interesting, most are irrelevant to the appeal before this Court.  It is the City's position that the only relevant issue before this Court is the issue of mootness, which is jurisdictional in nature.  The Court should not even reach the substantive issues raised in Plaintiffs' motion for summary judgment because the only relevant inquiry before this Court is mootness. The underlying basis of all of Plaintiffs' claims in their Complaint is that the amended and repealed 1982 Sign Code is unconstitutional because it is a content-based regulation of speech under *Reed v. Gilbert*, 576 U.S. 155 (2015) and cannot be enforced against Plaintiffs.  However, the 1982 Sign Code was amended and repealed in 2015, which renders Plaintiffs entire argument moot and their claims must be dismissed for lack of jurisdiction.

12

The relevant facts to this inquiry are as follows:  The 1982 Sign Code was amended and repealed by the 2015 Sign Code.  (Doc 38, pp. 9-12; Doc. 6 ¶ 26; Doc 37-1, pp. 25-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.) Section 16-28.019, a former section of the 1982 Sign Code, generally required signs to be permitted before they could be erected, located, or maintained.  (Doc 37-1, pp. 25-26, Exh. 3 pp. 23-30.)  Section 16-28.019(1) of the 1982 Sign Code also exempted 8 "signs or activities related to signs" from this sign permit requirement. Specifically, Address or identification signs, Temporary campaign signs, Memorial signs or tablets, Bulletin boards, Temporary construction signs, Temporary real estate signs, Signs indicating or limiting access to, or directing traffic movements on, premises, and Grand opening signs.  (Doc. 37-1, pp. 25-26, Exh. 3 p. 23-30.)  In 2015, in response to *Reed v. Gilbert*, 576 U.S. 155 (2015), the City amended and repealed the 1982 Sign Code and adopted the 2015 Sign Code.  (Doc. 38, pp. 9-12; Doc. 6 ¶ 26; Doc. 37-1, pp. 20-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.)  The 2015 Sign Code did not include the 8 exempted signs from former section 16-28.019(1) of the 1982 Sign Code, or any other content-based restrictions.  (Doc. 38, pp. 9-12; Doc. 6 ¶ 26; Doc. 37-1, pp. 25-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.)  Finally, it has been almost 10 years since the 1982 Sign Code was amended and repealed and there is no evidence in the record that the City has any intention of re-enacting the 1982 Sign Code.

13

### III.    Standard of Review

This Court reviews the question of mootness *de novo.  See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1331 (11th Cir. 2005); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F. 3d 1320, 1328 (11th Cir. 2004).  Further, this Court reviews a district court's grant of summary judgment de novo. *See Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002).

### <u>SUMMARY OF THE ARGUMENT</u>

The City will show the District Court erred when it ignored longstanding Eleventh Circuit and U.S. Supreme Court jurisprudence when it held that it had jurisdiction to hear Plaintiffs' constitutional challenges to the 1982 Sign Code when it had been amended and repealed by the City in 2015 to remove the allegedly unconstitutional provisions, therefore, rendering Plaintiffs' challenges moot. The District Court did not properly analyze the threshold determination of mootness. The District Court's Order and Judgment granting Plaintiffs' motion for summary judgment on Plaintiffs' claims for declaratory judgment and injunctive relief based solely on allegations that the 1982 Sign Code is unconstitutional was an impermissible advisory opinion.  The 1982 Sign Code had already been amended and repealed by the 2015 Sign Code, and no evidence was shown to establish that the City had any intention of re-enacting the 1982 Sign Ordinance.  Accordingly, the District Court's Order and Judgment should be reversed and this Court should direct

the District Court to dismiss Plaintiffs' claims in their entirety for lack of jurisdiction.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    The District Court Erred When It Held That It Had Jurisdiction to Hear Plaintiffs' Constitutional Challenges to the Allegedly Unconstitutional 1982 Sign Code Because the 1982 Sign Code had been Previously Amended and Repealed by the City, Therefore, Rendering Plaintiffs' Challenges Moot.**

The District Court erroneously held that it had jurisdiction to hear Plaintiffs' constitutional challenges to the 1982 Sign Code because the 1982 Sign Code had been previously amended and repealed by the City to remove the allegedly unconstitutional provisions, therefore, rendering Plaintiffs' challenges to the 1982 Sign Code moot.  Plaintiffs asserted claims for declaratory judgment and injunctive relief alleging that the 1982 Sign Code is unconstitutional. Specifically, Plaintiffs argued that the 1982 Sign Code is a content-based speech restriction that cannot survive strict scrutiny under the First and Fourteenth Amendments. (Doc. 36-1, p. 17.)   These arguments, however, must fail and be dismissed because the constitutionality of the 1982 Sign Code was moot.

"The United States Constitution, Article III, Section 2, provides that the judicial power of the United States federal courts shall extend only to 'cases' and 'controversies.'" *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (*citing Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320,

15

1327)(11th Cir. 2004)(citations omitted).   Mootness is one of the "important limitations placed on the power of the federal fiduciary…. By its very nature, a moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'  If a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of a case would constitute an advisory opinion." *Id.* (*citing Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d at 1328).

In 2015, the City amended and repealed the 1982 Sign Code for the 2015 Sign Code, which eliminated the allegedly unconstitutional provisions challenged by Plaintiffs. Specifically, Section 16-28.019 of the 1982 Sign Code, which Plaintiffs contend is unconstitutional, was removed and does not appear in the current 2015 Sign Code. (Doc. 38, pp. 9-12; Doc. 6 ¶ 26; Doc. 37-1, pp. 25-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.)   The Eleventh Circuit and the U.S. Supreme Court "have repeatedly held that the repeal or amendment of an allegedly unconstitutional statute moots legal challenges to the legitimacy of the repealed legislation." *Nat'l Adver. Co.*, 402 F.3d at 1333-34.   In *Coral Springs St. Sys., Inc. v. City of Sunrise*, the Court catalogued many of the Supreme Court decisions holding that amendments or revocation of challenged legislation renders the lawsuit moot and deprives the court of jurisdiction. 371 F.3d 1320, 1329 (11th Cir. 2004); *see also Nat'l Adver. Co.*, 402 F.3d at 1333, fn.5.

16

An important exception to this general rule is that mere voluntary termination of an allegedly illegal activity is not always sufficient to render a case moot and deprive the federal courts of jurisdiction to try the case. Voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction. However, governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities. Once an ordinance has been repealed, the challenging party must come forward with affirmative evidence that its challenge is no longer moot. In the absence of concrete evidence indicating that the government intends to return to its prior legislative scheme, repeal of an allegedly offensive statute moots legal challenges to the validity of that statute. *See Nat'l Adver. Co.*, 402 F.3d at 1333-1334. Here, the 1982 Sign Code was amended and portions of it repealed, including Section 16-28.019, in 2015 – almost ten years ago. (Doc. 38, pp. 9-12; Doc. 6 ¶ 26; Doc. 37-1, pp. 25-26; *compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.) Throughout the course of this lengthy litigation in both the state court and federal court level, Plaintiffs have failed to produce a scintilla of evidence showing that the City intends to return to its prior legislative scheme.

There must be a "present, live controversy in order to 'avoid advisory opinions on abstract propositions of law.'" *Church of Scientology Flag Serv. Org., Inc. v. City*

17

*of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985) (*quoting Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 201-02 (1969) (per curiam)). "[W]hen the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,'" the case has become moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)). "When a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly." *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000). Stated differently, "federal courts lack jurisdiction to hear and decide cases where changes in the law have rendered the case moot." *Nat'l Adver. Co.*, 402 F.3d at 1332.

Here, the District Court completely ignored this longstanding jurisprudence when it held:

> If the 1982 Sign Code was unconstitutional at the time the 1993 permit was (apparently wrongfully) issued, then the Subject Signs are nonconforming signs under the 2015 Ordinance, because in the absence of a valid zoning ordinance, "an owner[] [has the] right to freely use his property for any lawful purpose." [citations omitted.] Accordingly, there is a live controversy as to Plaintiffs' rights under the 2015 Ordinance. Because the City failed to meet its burden under strict scrutiny, the Court will sustain Plaintiffs' facial challenge.

(Doc. 61, p. 8.) Because the City amended and repealed the 1982 Sign Code in 2015, Plaintiffs' constitutional challenges to the 1982 Sign Code are moot and dismissal is

mandated. *See Nat'l Adver. Co.*, 402 F.3d at 1332. Moreover, while an exception to the mootness doctrine does exist for "voluntary termination of allegedly illegal activity," (*Sec'y of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir.1992)), that exception is not applicable here. As the Eleventh Circuit has noted:

> [G]overnmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities. [cit.] Indeed, as we noted above, the cases are legion from this and other courts where the repeal of an allegedly unconstitutional statute was sufficient to moot litigation challenging the statute. [cit.] In sum, when a court is presented with evidence of a "substantial likelihood" that the challenged statute will be reenacted, the litigation is not moot and the court should retain jurisdiction. [cit.] However, in the absence of evidence indicating that the government intends to return to its prior legislative scheme, repeal of an allegedly offensive statute moots legal challenges to the validity of that statute.

*Nat'l Adver. Co.*, 402 F.3d at 1333-34. There, the court found that, despite the fact that the City of Miami had repealed its offending law in response to the litigation at hand, the lack of affirmative evidence that the city intended to re-enact the challenged law was dispositive. *See id.* at 1334. The court reasoned that, even when the government changes the law in response to the lawsuit, a plaintiff still must present affirmative evidence of an intent to renew the challenged law:

> [Plaintiff] is also incorrect in suggesting that we should focus on the City's motivation in amending the code. The City's purpose in amending the statute is not the central focus of our inquiry nor is it dispositive of our decision. Rather, the most important inquiry is whether we believe the City would re-enact the prior ordinance. Again,

19

> there is no evidence in this case suggesting any risk that the City of
> Miami has any intention of returning to its prior course of conduct.

*Id. See also Covenant Christian Ministries, Inc. v. City of Marietta*, *Georgia*, 654

F.3d 1231, 1244 (11th Cir. 2011) (finding no affirmative evidence of an intention to

reinstate the challenged ordinance when that City twice changed the ordinance in

response to lawsuits).

Here, just as with *Nat'l Advisor* and *Covenant Christian*, the City has not

indicated any intention of returning to the 1982 Sign Code.  In 2015,  the City

voluntarily amended and replaced the 1982 Sign Code, ceased enforcing the

allegedly unconstitutional provisions therein, and began operating under the 2015

Sign Code in its place. (Doc. 38, pp. 9-12; Doc. 6 ¶ 26; Doc. 37-1, pp. 20-26;

*compare* Peters Dep. Ex. 3 *with* Peters Dep. Ex. 7.)  Plaintiffs have not and cannot

present any affirmative evidence that the City intends to return to the 1982 Sign

Code.  Plaintiffs' claims are therefore moot, and the District Court should have

dismissed Plaintiffs' claims for lack of jurisdiction.

Accordingly, this Court should reverse the District Court's Order and

Judgment and direct the District Court to dismiss Plaintiffs' claims for lack of

jurisdiction.

II.    **The District Court Erred In Holding That The City Was Taking
       Action Against Plaintiffs Based On The 1982 Sign Code When The
       City Was Clearly Enforcing The Fulton County Superior Court**

### Order Issued By Superior Court Judge Robert McBurney Under The 2015 Sign Code

The District Court erred in holding that the City was taking action against Plaintiffs based on the 1982 Sign Code when the City was clearly acting under the 2015 Sign Code and enforcing the Fulton County Superior Court Order issued by Superior Court Judge Robert McBurney.  In the District Court, Plaintiffs assert claims for Declaratory Judgment and Injunctive Relief alleging that the 1982 Sign Code is facially unconstitutional. Specifically, Plaintiffs argue that the 1982 Sign Code is a content-based speech restriction that cannot survive strict scrutiny. (Doc. 36-1, p. 17.)  As argued below in the District Court, Plaintiffs argument is misplaced, as the City has not enforced the 1982 Sign Code against Plaintiffs. Rather, the City issued a Zoning Correction Notice to Plaintiffs to remove the Subject Signs pursuant to its current 2015 Sign Code, which replaced the 1982 Sign Code, and the legal interpretation thereof as applied to the Subject Signs issued by Superior Court Judge Robert McBurney. (Doc. 1, Exh.6, p. 1; Doc. 37-2, p. 33, Exh. 14, p. 1.)  Under the 2015 Sign Code, the conversion permits issued to Plaintiff were proper only if the Subject Signs complied with the 2015 Code, or if the Subject Signs were lawfully permitted at some point in their history and were now legal non-conforming signs under the 2015 Sign Code. (Doc. 37-2, Exh. 6, p. 3.)  Accordingly, Plaintiffs' reliance on the 1982 Sign Code is improper, and provides no basis on which this

21

Court should overturn the apparent decisions of all three levels of the Georgia state courts.

Further, it should be noted, in the Fulton County Superior Court Appeal, Petitioners Desai and Hebrew Benevolent Congregation not only challenged the validity of the Conversion Permits, they challenged the validity of the original 1993 permits for the Subject Signs as well. (Doc. 44-1, Exh. 1, pp. 12-13, 14, 15.) Specifically, the Petition for Writ of Certiorari asserted the following enumerations of error, among others:

> The BZA erred in failing to find and conclude that the rooftop and wall signs at the Property are illegal under the current Sign Ordinance.
>
> The BZA erred in failing to find and conclude that the rooftop and wall signs at the Property are not "lawful nonconforming signs" and are not eligible to receive conversion permits under the current Sign Ordinance.
>
> The BZA erred in failing to find and conclude that the rooftop and wall signs at the Property were illegal under the 1982 Zoning Ordinance when first permitted.
>
> The BZA erred in failing to find and conclude that the rooftop and wall signs at the Property were not "lawfully erected" under the 1982 zoning Ordinance.
>
> The BZA erred in failing to find and conclude that the 1993 and subsequent permits issued for the rooftop and wall signs at the Property did not excuse the illegality of those signs under the 1982 Zoning Ordinance and the current Sign Ordinance.
>
> The BZA erred in failing to find and conclude that permits issued for the rooftop and wall signs in 1993 and thereafter conferred no rights on

22

the permittee and do not prevent the City from enforcing its ordinance against the illegal signs.

The BZA erred in refusing to take enforcement action to remove the illegal rooftop and wall signs at the Property.

(Doc. 44-1, Exh. 1, pp. 12-13, 14, 15.)   At that time, Plaintiff Multimedia never challenged the constitutionality of the 1982 Sign Code; in fact, it repeatedly argued before the BZA and the Superior Court that the original permits were properly issued and legal. (Doc. 37-2, Exh. 6, p. 7.)

Accordingly, this Court should reverse the District Court's Order and Judgment and dismiss Plaintiffs-Appellees' claims as moot.

## CONCLUSION

The District Court erroneously held that it had jurisdiction to hear Plaintiffs' constitutional challenges to the 1982 Sign Code because the 1982 Sign Code had been previously amended and repealed by the City, therefore, rendering Plaintiffs' legal challenges to the 1982 Sign Code moot.  Accordingly, the Court should reverse the District Court's Order and Judgment and Plaintiffs' claims against the City should be dismissed for lack of jurisdiction.


Respectfully submitted this 2nd day of January, 2025.

*/s/ Meredith W. Germain*
Meredith W. Germain
Georgia Bar No. 330148
mgermain@lawtrg.com

23

Valerie A. Ross
Georgia Bar No. 615225
[vross@lawtrg.com](mailto:vross@lawtrg.com)
Turner Ross Germain, LLC
1501 Johnson Ferry Road, Suite 100
Marietta, Georgia 30062
Telephone: (470-264-1584
Fascimile: (470) 575-6194
*Counsel for Defendant-Appellant*
*City of Atlanta, Georgia*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,</u>
## <u>TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

This document complies with the page limitation and type-volume limitation of the Federal Rules of Appellate Procedure 32(a)(7)(A) and (B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the principal brief does not exceed 30 pages and does not contain more than 13,000 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

Respectfully submitted this 2nd day of January, 2025.

*/s/ Meredith W. Germain*
Meredith W. Germain
Georgia Bar No. 330148
mgermain@lawtrg.com
Valerie A. Ross
Georgia Bar No. 615225
vross@lawtrg.com
Turner Ross Germain, LLC
1501 Johnson Ferry Road, Suite 100
Marietta, Georgia 30062
Telephone: (470-264-1584
Fascimile: (470) 575-6194

*Counsel for Defendant-Appellant*
*City of Atlanta, Georgia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 2, 2025, I electronically filed the foregoing

**BRIEF OF DEFENDANT-APPELLANT CITY OF ATLANTA, GEORGIA**,

through the Court's CM/ECF system, which will send a Notice of Electronic Filing

to all participants who are registered CM/ECF users.  Further, I certify that I have

caused a copy of the foregoing to be sent via first class mail to the following:

Craig G. Kunkes
Richard L. Robbins
Robbins Alloy Belinfante
Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
*Attorneys for Plaintiff-Appellee*
*Multimedia Technologies, Inc.*
*and Geoffrey Anderson*

Ken E. Jarrard
Jarrard & Davis, LLP
222 Webb St.
Cumming, GA 30040
*Attorneys for Plaintiff-Appellee Peach*
*Hospitality of Georgia, LLC*

Respectfully submitted this 2nd day of January, 2025.

*/s/ Meredith W. Germain*
Meredith W. Germain
Georgia Bar No. 330148
mgermain@lawtrg.com
Valerie A. Ross
Georgia Bar No. 615225
vross@lawtrg.com
Turner Ross Germain, LLC
1501 Johnson Ferry Road, Suite 100
Marietta, Georgia 30062
Telephone: (470-264-1584
Fascimile: (470) 575-6194

*Counsel for Defendant-Appellant*
*City of Atlanta, Georgia*